Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| ALLIED FINANCIAL SERVICES, INC.; AAA CAR RENTAL, INC. H/C/N ALLIED CAR & TRUCK RENTAL<br>Apeladas<br><br>v.<br><br>ANDA HOJALATERIA Y PINTURA, CORP. Y OTROS<br>Apelantes | KLAN202500424 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2022CV02373<br><br>Sobre:<br>Cobro de Dinero - Ordinario |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de agosto de 2025.

La parte apelante Anda Hojalatería y Pintura Corp. y otros, solicitan que revoquemos la Sentencia en la que el Tribunal de Primera Instancia declaró ha lugar la demanda presentada en su contra, de forma sumaria. Por su parte, Allied Financial Services, Inc., y otros presentaron su oposición al recurso.

Puntualizamos que este recurso se presentó erróneamente como una apelación. Sin embargo, la decisión sobre la que se solicita revisión no cumple con los requisitos de una sentencia final. El TPI no puso punto final al pleito debido a que no atendió ni resolvió la reconvención. La decisión tampoco cumple con las formalidades de una sentencia parcial, porque el foro recurrido no expresó que no existía razón para posponer sentencia. Por eso, lo correcto es que atendamos el recurso como un certiorari.

**I**

Los hechos pertinentes para atender y resolver este recurso son los siguientes:

Allied Financial Services Inc., dba Allied Car & Truck Rental presentó una Demanda Enmendada por cobro de dinero contra Anda Hojalatería y Pintura Corp., Garaje Andalucía y Eduardo A. Bings Valles. La demanda incluyó las siguientes alegaciones. El 15 de julio de 2016 las partes suscribieron un contrato para el arrendamiento a largo plazo de un vehículo de motor. El canon acordado fue de $421.68 mensuales. El contrato tenía un término de cuatro años vencedero el 15 de julio de 2020. El 23 de noviembre de 2016 otorgaron un segundo contrato en el que acordaron el arrendamiento a largo plazo de otro vehículo de motor. El canon acordado era $421.68 mensuales. La arrendataria se obligó a pagar la totalidad del contrato en caso de terminación temprana. El contrato tenía una vigencia de 48 meses y vencía el 23 de noviembre de 2020. Anda Hojalatería y Pintura Corp., devolvió la unidad Hyundai Accent 2017 chocada y con daños electromecánicos, valorados en $2,981.67. Además, incumplió con el pago de los cánones de arrendamiento, por los que adeuda $68,208.47 correspondiente a los meses de diciembre de 2018 a marzo de 2020. La totalidad de la deuda por rentas vencidas y la reparación del vehículo es de $71,190.14. Allied Financial requirió extrajudicialmente a la demandada el pago de la deuda sin éxito.

Anda Hojalatería y Pintura Corp. negó las alegaciones en su contra y presentó una reconvención. Su representación legal cuestionó la legitimación activa de Allied Financial Services Inc., para demandar. La demandada, adujo que cumplió con los pagos y que la arrendadora abandonó el vehículo por el que reclamaba daños. Además, solicitó la desestimación de la reclamación contra Eduardo A Bings porque no fue parte del contrato de arrendamiento. Anda Hojalatería y Pintura Corp., alegó en la reconvención que Allied Financial Services Inc., actuó de mala fe y en detrimento de sus derechos. La demandada adujo que la demandante le causó daños

y sufrimientos mentales a Eduardo A. Bings valorados en no menos de $50,000.00. Además, solicitó la imposición a la demandante del pago de las costas, gastos y honorarios de abogado por temeridad.

Así las cosas, Allied Financial Services Inc., presentó una moción de sentencia sumaria en la que alegó que no existía controversia sobre: (1) el incumplimiento de Anda Hojalatería y Pintura Corp., (2) la deuda por cánones de arrendamiento y (3) los daños de una de las unidades arrendadas. Su representación legal solicitó al TPI que declarara HA LUGAR la moción de sentencia sumaria, ordenara a la demandada el pago de las rentas vencidas y no pagadas, el costo de reparación de uno de los vehículos y tres mil dólares de honorario de abogado. La demandante alegó que no existía controversia sobre los hechos siguientes.

1. La parte demandante, Allied, se dedica a proveer asesoramiento en materia de flotas de vehículos de motor, así como gestionar, alquilar y administrar flotas de vehículos de acuerdo con varios programas diseñados para sus clientes. Véase, anejo 1, Declaración Jurada, pág. 1, párr. 2.
2. El 15 de julio de 2016, la Parte Demandada, suscribió un contrato de arrendamiento a largo plazo (Long Term Lease Agreement) con Allied para el arrendamiento de un vehículo de motor a razón de un canon mensual de $421.68, por un término de 4 años, es decir hasta 15 de julio de 2020. Véase, Anejo 1, Declaración Jurada, pág. 1, párr. 3, Anejo 2, Long Term Lease Agreement (Lease Contract # 201177).
3. Posteriormente, el 23 de noviembre de 2016, la Parte Demandada, suscribió otro contrato de arrendamiento a largo plazo (Long Term Lease Agreement) con Allied para el arrendamiento de otro vehículo de motor a razón de un canon mensual de $421.68. Dicho contrato tenía una duración de 48 meses, es decir hasta 23 de noviembre de 2020. Véase, Anejo 1, Declaración Jurada, pág. 1, párr. 4, Anejo 3, Long Term Lease Areement (Lease Contract #211114).
4. Así las cosas, una de las unidades arrendada, específicamente la Hyundai Accent SE del año 2017, del Lease Contract, 211114, fue devuelta chocada y con daños electromecánicos. Allied incurrió en gastos que ascienden a $2,981.77 para reparar los daños de dicha unidad. Véase, Anejo 1, Declaración Jurada, pág. 1, párr. 5, Anejo 4, Estimado de Daños y Gastos y Fotos de los daños de la unidad.
5. De igual forma, la parte demandada incumplió con los pagos de los cánones de arrendamiento acordado entre las partes y descritos en los párrafos anteriores. Ante esa realidad, Allied se vio en la obligación de hacer gestiones de cobros, entre las que se encuentra el envío de cartas de cobro. Véase, Anejo 1, Declaración Jurada, pág. 1, párr. 6, Anejo 5, Carta de Cobro de Dinero enviada el 8 de octubre de 2019.

6. Por concepto de canon de arrendamiento y no pagada, la Parte Demandada adeuda a Allied la cantidad de $68,208.47 por concepto de las <u>facturas vencidas</u> de los meses de diciembre 2018 a marzo de 2020. Véase, Anejo 1 Declaración Jurada, pág. 1, párr. 1, Anejo 6, copia del Aged Receivables.

7. Los contratos de Arrendamiento suscritos entre las partes disponen en su Art. 13 (Default) que (a) It will be understood that the Lesee is in default of this contract, while it is in effect, if there occurs any of the following facts and conditions (i) lack of payment off the Rental Payment, and said default continues for a period of five (5) days, after the Lessor has notified the Lessee in writing of said default. Véase, Anejo 1, Declaración Jurada, pág. 1, párr. 8, Anejo 2 y 3 pág. 5.

8. De igual forma, los Contratos de Arrendamientos suscritos entre las partes disponen en el inciso D del Rental Agreement que el arrendatario, en este caso la Parte Demandada, are absolutely liable for any loss or damage to the vehicle even if someone caused is unknown. Véase, Anejo 1, Declaración Jurada, pág. 1 párr. 9, Anejo 2 y 3, pág. 13.

Allied resumió los hechos probados de la manera siguiente:

1. Las partes de epígrafe suscribieron dos contratos de arrendamiento de vehículos de motor.

2. La demandada dejó de pagar los cánones de arrendamientos, según estipulado entre las partes.

3. Una de las unidades arrendadas fue entregada a Allied chocada y con daños estéticos.

4. Allied realizó gestiones de cobro para que la Parte Demandada cumpliera con lo estipulado en los contratos de arrendamiento.

5. Los contratos de arrendamiento suscritos entre las partes disponían claramente que el dejar de pagar los cánones de arrendamiento constituía una causal de incumplimiento contractual.

6. Las partes estipularon claramente que el arrendatario era responsable de cualquier daño que sufriera la unidad arrendada.

7. La Parte Demandada adeuda a Allied la cantidad de $71,190.14 por concepto de rentas vencidas y no pagadas y el costo de reparación la unidad entregada chocada.

Por su parte, Anda Hojalatería y Pintura Corp., se opuso a la sentencia sumaria porque a su entender, existía controversia sobre: (1) la legitimación activa de Allied Financial Services Inc., para demandar, ya que en los contratos compareció como arrendadora Allied Car & Truck Rental, (2) la identidad de los demandados, porque se incluyó a Eduardo Bings a pesar de no participó en los contratos en su carácter personal y a Garaje Andalucía que no compareció como contratante, (3) la cuantía de la deuda, debido a errores en las cuentas y en las partidas y a que se anejaron documentos que no estaban relacionados con el contrato, 4) la identidad real de los contratantes, debido a que los demandados no arrendaron ningún vehículo a nombre de sus clientes, (5) la cancelación del contrato por el incumplimiento de la arrendadora original que no es la demandante, (6) el cobro y aplicación de los pagos realizados por la compareciente y (7) si el contrato era de adhesión.

La demandada imputó temeridad a la demandante, porque incluyó a Eduardo Bings, como demandado, a pesar de que no compareció en su carácter personal a la contratación. Por otro lado, adujo que la demandante pretendía cobrar cánones de arrendamiento y daños por un vehículo que abandonó. Por último, sostuvo que pagó todos los cánones a Allied Car & Truck Rental. No obstante, alegó que canceló el contrato porque la arrendadora no acreditaba los pagos a la deuda y abandonó uno de los vehículos.

El TPI concluyó que la demandada incumplió con la Regla 36.3 (b) (2) de Procedimiento Civil, 32 LPRA Ap. V, porque no anejó evidencia, ni declaraciones juradas que controvirtieran las alegaciones de la moción de sentencia sumaria y descansó en alegaciones y afirmaciones. Según el TPI la demandada se limitó a incluir la declaración jurada en la que Eduardo A Bings Valles expuso que leyó la oposición y que estaba de acuerdo. Aunque, el

TPI declaró ha lugar la demanda, desestimó la reclamación contra Eduardo A Bings, porque no compareció en el contrato como fiador, codeudor ni arrendatario. También desestimó la demanda contra Garaje Andalucía, porque no fue parte del contrato. Además, reconoció la falta de legitimación activa de Allied Financial, para demandar porque no fue parte del contrato. Sin embargo, declaró ha lugar las reclamaciones de AAA Rental, Inc., dba Allied Car & Truck Rental Inc. El TPI ordenó a Anda Hojalatería a pagar setenta y un mil ciento noventa dólares con catorce centavos ($71,190.14) por rentas vencidas y no pagadas y el costo de la reparación por los daños que sufrió uno de los vehículos arrendados. El foro de instancia no consignó los hechos probados y acogió los propuestos por la promovente de la moción de sentencia, conforme a lo resuelto en *Pérez Vargas v. Office Depot,* 2003 DPR 687 (2019).

Inconforme, Anda Hojalatería y Pintura Corp., presentó este recurso en el que alega que:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA HABIENDO LA CODEMANDADA ANDA HOJALATERIA Y PINTURA CORP. PRESENTADO SU OPOSICION A LA SOLICITUD DE SENTENCIA SUMARIA EN LA CUAL CLARAMENTE ESTABLECE LA EXISTENCIA DE CONTROVERSIAS SUSTANCIALES DE HECHOS FUNDAMENTALES SUSTENTADA POR DECLARACION JURADA; ADEMAS DE SURGIR ESTAS CONTROVERSIAS CLARAMENTE DE LAS PROPIAS ALEGACIONES Y LA PRUEBA DOCUMENTAL DE LA PARTE PROMOVENTE DE LA SOLICITUD DE SENTENCIA SUMARIA.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA ESTANDO PENDIENTE DESCUBRIMIENTO DE PRUEBA ANUNCIADO E INTERESADO POR LA PARTE DEMANDANTE APELANTE.**

## II

### A. El certiorari

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023) Nuestro máximo intérprete de la ley

local, definió el certiorari como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare v. Mun. de Las Piedras I,* 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). La característica principal del certiorari, es la discreción que tiene el tribunal para atenderlo, la cual ha sido ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial cuyo ejercicio persigue llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari. Según lo establecido en la regla el recurso de certiorari solamente será expedido:

> ....
> para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Superado el análisis anterior, a fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, la Regla 40 de su reglamento, 4 LPRA LPRA Ap. XXII-B establece los criterios que debería considerar para determinar si procede la expedición de un auto de certiorari. El texto de la regla citada eres el siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El permitir recurrir de diversas resoluciones no abona al desenvolvimiento lógico y funcional de los casos, porque interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016). La denegatoria a expedir un auto de certiorari no constituye una adjudicación en los méritos. Por el contrario, es el ejercicio discrecional que hace el foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

**B. Moción de Sentencia Sumaria**

Nuestro ordenamiento procesal civil reconoce el uso y valor que tiene la sentencia sumaria para asegurar una solución justa, rápida y económica de los casos. La herramienta procesal de la sentencia sumaria posibilita la pronta resolución de una

controversia, cuando no es necesario celebrar un juicio en su fondo. *Soto y otros v. Sky Caterers* 2025 TSPR 3; 215 DPR ___ (2025). No obstante, para que proceda es necesario que, de los documentos no controvertidos, surja que no hay controversia real y sustancial sobre los hechos materiales del caso. Un hecho material es aquel que puede afectar el resultado de la reclamación, de acuerdo con el derecho sustantivo aplicable. La controversia sobre los hechos materiales tiene que ser real. Cualquier duda es insuficiente para derrotar una moción de sentencia sumaria. La sentencia sumaria procede cuando no existe controversia de hechos materiales y únicamente resta aplicar el derecho. *BPPR v. Cables Media,* 2025 TSPR 1, 2015 DPR ___ (2025); *Cruz, López v. Casa Bella y otros,* 213 DPR 980, 993 (2024); *Universal Ins. y otro v. ELA y otros,* 211 DPR 455, 471-472 (2023).

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, exige el cumplimiento de ciertos requisitos. La parte contra quien se haya formulado una reclamación podrá presentar una moción de sentencia sumaria, no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, según lo dispuesto en la Regla 36.2, 32 LPRA Ap. V. La Regla 36 contiene los requisitos de forma para instar una moción de sentencia sumaria y su respectiva oposición. La parte que sostenga la inexistencia de una controversia sustancial de hechos esenciales y pertinentes debe presentar una moción que se funde en declaraciones juradas u otra evidencia admisible. Además, tanto la moción como la oposición deberán cumplir con lo establecido en la Regla 36.3, *supra.* La sentencia sumaria no puede dictarse cuando; (1) existen hechos esenciales controvertidos, (2) la demanda tiene alegaciones afirmativas que no han sido refutadas, (3) existe una controversia real sobre algún hecho esencial o material que surge de los propios documentos que acompañan la

moción o (4) no procede como cuestión de derecho. *Consejo Tit. v. Rocca Dev. Corp. et als.,* 2025 TSPR 6, 215 DPR __ (2025); *Universal Ins. y otro v. ELA y otros,* supra, pág. 472.

No obstante, es importante advertir que el hecho de que no se traiga prueba que controvierta la del promovente no significa necesariamente que la sentencia sumaria procede. La sentencia sumaria no procede, cuando no existe una clara certeza sobre todos los hechos de la controversia. Los tribunales no deberán dictar sentencia sumaria, cuando tienen dudas sobre la existencia de controversias. La sentencia sumaria no les permite dirimir asuntos de credibilidad. El principio rector de la sentencia sumaria es el sabio discernimiento, porque mal utilizada puede prestarse para despojar a un litigante de su día en corte. La oportunidad de dirimir las controversias es un juicio plenario es un principio elemental del debido proceso de ley. *García et al, v. Enríquez,* 153 DPR 323, 338-339 (2001).

Nuestro ordenamiento jurídico contempla la situación en la que el promovido por una moción de sentencia sumaria, no ha tenido oportunidad adecuada para conseguir prueba que apoye alguno de los hechos esenciales que justifican su posición. La Regla 36.6 de Procedimiento Civil, 32 LPRA Ap. V, provee al tribunal un mecanismo para remediar esa situación. Los tribunales pueden ejercer su discreción para posponer la evaluación de una sentencia sumaria o denegarla, cuando se presentó de forma prematura. Tal discreción se justifica, porque el propósito de las Reglas de Procedimiento Civil es viabilizar que los tribunales resuelvan las controversias con justicia. No obstante, los tribunales deben tomar las medidas para evitar que la Regla 36.6 se utilice como un ardid para demorar la solución final del asunto. La promovida debe expresar razones razonables y adecuadas para invocar su aplicación, *Garcia Rivera et al v. Enríquez,* supra, 339-340 (2001).

El Tribunal Supremo de Puerto Rico ha resuelto que el uso de la sentencia sumaria no es aconsejable en casos complejos en los que no existe controversia sobre elementos subjetivos, de intención, propósitos mentales, negligencia o credibilidad. *Soto y otros v. Sky Caterers, supra.* No obstante, eso no impide utilizar el mecanismo de sentencia sumaria en reclamaciones que requieren elementos subjetivos o de intención, como en los casos de discrimen, cuando de los documentos a ser considerados surge que no existe controversia de hechos materiales. *Soto y otros v. Sky Caterers, supra.*

En cuanto a las declaraciones juradas en apoyo y en contra de solicitud, estas tienen que estar basadas en el conocimiento personal del declarante. Una declaración jurada que solo contiene conclusiones, sin hechos específicos que las apoyen no tiene valor probatorio. La declaración jurada suficiente para sostener o controvertir una moción de sentencia sumaria tiene que contener hechos específicos. Los tribunales no pueden considerar ni atribuir valor probatorio a una declaración jurada que no está basada en el conocimiento personal del declarante. *Roldan Flores v. M. Cuebas et al,* 199 DPR 664, 677-679 (2018).

El TPI no está obligado a hacer determinaciones de hecho cuando ha entendido que no existe controversia sobre ningún hecho esencial y solo resta aplicar el derecho. La Regla 36.4, *supra,* únicamente obliga al tribunal a establecer los hechos probados, cuando (1) no se dicta sentencia sumaria sobre la totalidad del caso, (2) no se concede todo el remedio solicitado y (3) se deniega la moción de sentencia sumaria. *Pérez Vargas v. Office Depot,* 203 DPR 687, 697-698 (2019).

Sobre la revisión, el Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia, al momento de revisar las solicitudes de sentencia sumaria. Al igual que el TPI

tiene que regirse por la Regla 36, *supra*, y aplicar los criterios que esta regla y su jurisprudencia interpretativa exigen. Ambos foros tienen que revisar que la moción de sentencia sumaria y su oposición cumplan los requisitos de forma codificados en la Regla 36, *supra.* El Tribunal de Apelaciones no podrá considerar evidencia que las partes no presentaron en el Tribunal de Primera Instancia. Este foro tampoco podrá adjudicar los hechos materiales en controversia, porque esa es una tarea del Tribunal de Primera Instancia. La revisión que hace el Tribunal de Apelaciones es la de un juicio de novo. El foro apelativo debe examinar el expediente de la manera más favorable para la parte opositora a la moción de sentencia sumaria y hacer todas las inferencias permisibles a su favor. *Consejo Tit. v. Rocca Dev. Corp. et als.,* supra; *Soto y otros v. Sky Caterers, supra; BPPR v. Cables Media,* supra; *Cruz, López v. Casa Bella y otros,* supra; pág. 924, *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 118 (2015).

Al revisar una sentencia sumaria, el Tribunal de Apelaciones tiene que evaluar si realmente existen hechos materiales en controversia. Cuando determina que existen hechos materiales en controversia debe exponer cuáles son. Además, tiene que determinar cuáles están incontrovertidos. Si encuentra que todos los hechos materiales están realmente incontrovertidos, procede que revise de novo, si el TPI aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas,* supra, pág. 119.

**III**

La peticionaria solicita que revisemos la decisión en la que el TPI declaro ha lugar sumariamente la demanda en su contra. Nuestra intervención es necesaria en esta etapa procesal para evitar dilaciones innecesarias en el pleito y poner punto final a la controversia que atendió el foro primario. Así únicamente queda por

atender y adjudicar en este caso la reconvención que presentó la peticionaria.

Anda Hojalatería sostiene que la deuda no es líquida ni exigible, porque existen errores en la cuantía. Su representación legal aduce que el TPI fundamentó la decisión en prueba sobre costas y cargos de vehículos que no fueron objeto del contrato y que pertenecían a otros clientes. La peticionaria alega que la prueba también incluyó cantidades adeudadas de otra entidad jurídica, conocida como AAA Car Rental, Inc. y que las sumas reclamadas no coinciden con el valor, ni con los meses del contrato. Además, argumenta que existe controversia sobre la identidad y legitimación activa de la demandante y de los contratantes. Anda Hojalatería también alega que existe falta de parte indispensable. Por último, señala que existe controversia sobre el incumplimiento de la arrendadora real, porque no aplicó de los pagos a la cuenta. La arrendataria arguye que la arrendadora enviaba a un empleado que le requería pagar en cheque cash.

Por su parte, Allied Financial Services Inc., alega que Anda Hojalatería incumplió con la Regla 36.3(b) (2) y no evidenció los pagos que alega realizó.

Este tribunal hizo un juicio de novo de la totalidad de la prueba y concluyó que no existe controversia hechos esenciales que impida dictar sentencia sumaria a favor de la recurrida.

La peticionaria, alega que existe controversia sobre la legitimación activa de Allied Financial Services para demandar, debido a que fue Allied Car & Truck Rental, la que compareció como arrendadora en el otorgamiento de los contratos. Anda Hojalatería olvida que el TPI reconoció la falta de legitimación activa de Allied Financial Services y desestimó su reclamación. No obstante, la desestimación de la demanda no procede, porque Allied Car & Truck Rental, también compareció como demandante en el pleito. La

propia Anda Hojalatería y Pintura reconoció la legitimación activa de Allied Car & Truck Rental, porque fue la parte con la que suscribió los contratos de arrendamiento. Anda Hojalatería alega que existe controversia sobre la identidad de los demandados porque la recurrida incluyó a Eduardo Bings y a Garaje Andalucía a pesar de que no fueron partes del contrato. La peticionaria no tiene razón, porque la identidad de la demandada no es un hecho en controversia. El TPI reconoció que Eduardo Bings no compareció a la contratación en su carácter personal y que Garaje Andalucía no fue parte contratante y desestimó ambas reclamaciones. No obstante, la demanda continua contra Anda Hojalatería, porque es la parte que compareció en los contratos como arrendataria.

Por otro lado, la peticionaria alega que existe controversia sobre la cuantía de la deuda. Anda Hojalatería sostiene que la decisión está fundamentada en prueba sobre costas y cargos de vehículos que no fueron objeto del contrato y que pertenecían a otros clientes. La peticionaria aduce que las cantidades adeudadas eran de otra entidad jurídica conocida como AAA Car Rental Inc., y que las sumas reclamadas no coincidían con el valor, ni con los meses del contrato. Anda Hojalatería no tiene razón, porque la recurrida demostró la existencia de una deuda vencida liquida y exigible.

El 15 de julio de 2016 AAA Car Rental, Inc., DBA Allied Car & Truck Rental Inc., compareció como arrendadora y Anda Hojalatería y Pintura Corp., como arrendataria y suscribieron un contrato de arrendamiento a largo plazo de un vehículo HYNDAI ELECTRA del 2017. Las partes acordaron un canon mensual de $421.68, El primero de los pagos fue realizado el día de entrega del vehículo. La arrendataria debía realizar 47 pagos adicionales comenzando el 1 de agosto de 2016. Según la declaración jurada de la representante autorizada de la recurrida, Gianina Torres Huerta, el contrato finalizaba el 15 de julio de 2020.

El 23 de noviembre de 2016, AAA Car Rental, Inc., DBA Allied Car & Truck Rental Inc., como arrendadora y Anda Hojalatería y Pintura Corp., como arrendataria suscribieron un segundo contrato de arrendamiento a largo plazo del vehículo HYNDAI ACCENT del 2017. El canon acordado fue $421.68 mensuales. El primer pago se realizó el 23 de noviembre de 2016 y se acordaron cuarenta y siete meses pagos adicionales comenzando el 1 de diciembre de 2016. Según la declaración jurada de la representante autorizada de la recurrida, Gianina Torres Huerta, el contrato vencía el 23 de noviembre de 2020.

La peticionaria no tiene razón cuando alega que las sumas reclamadas no coincidían con los meses de los contratos. La recurrida presentó un estado de la deuda y la declaración jurada de la señora Torres Huertas. El estado evidencia una deuda de $68,208.47 por las facturas vencidas desde diciembre de 2018 a marzo de 2020. La señora Torres Huertas ratificó bajo juramento que esa es la cantidad adeudada y el período comprendido. Las sumas reclamadas coinciden con los meses de duración del contrato, porque el contrato del vehículo Electra venció el 15 de julio de 2020 y la deuda reclamada es hasta el marzo de 2020.

Según Anda Hojalatería el estado de la deuda incluyó cargos de vehículos que no fueron objeto de los contratos y que pertenecían a otros clientes. No obstante, esos hechos no surgen del estado. La peticionaria tampoco presentó evidencia para demostrarlos y controvertir la información contenida en el estado y en la declaración jurada. Su representación legal se limitó a hacer meras alegaciones al respecto, sin ninguna prueba que las sostenga. Por otro lado, la peticionaria alega que tiene cheques cancelados que no se acreditaron a la deuda. No obstante, si los tenía disponibles debió presentarlo en su oposición a la moción de sentencia sumaria y no lo hizo. La peticionaria cuestiona la existencia de facturas a nombre

de AAA Car Rental Inc. No obstante, olvida que AAA Car Rental Inc., compareció al otorgamiento de los contratos haciendo negocios como Allied Car & Truck Rental.

Por último, la peticionaria cuestiona que tenga que pagar por la reparación de uno de los vehículos arrendados. Su representación legal alega que la recurrida abandonó el vehículo, luego de que Anda Hojalatería y Pintura canceló el contrato. Las alegaciones de la peticionaria no están sustentadas por evidencia. Anda Hojalatería y Pinturas no presentó la prueba que alega tiene en su poder para evidenciar los pago que hizo a la deuda y que la recurrida no acreditó. Tampoco controvirtió el estimado de reparación ni la declaración jurada que la recurrida presentó para evidenciar que la reparación del vehículo tuvo un costo de $2,981.67. Por esa razón, está obligada a cumplir con su obligación contractual de responder por cualquier daño que sufra la unidad arrendada.

La prueba presentada por la recurrida y no controvertida por la peticionaria, demostró la existencia de una deuda vencida, liquida y exigible, sin necesidad de realizar un juicio ordinario.

**IV**

Se expide el recurso y se confirma la determinación recurrida. Se devuelve el caso para la continuación de los procedimientos en cuanto a la reconvención.

La jueza Grana Martínez disiente con voto escrito.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| ALLIED FINANCIAL SERVICES, INC.; AAA CAR RENTAL, INC. H/C/N ALLIED CAR & TRUCK RENTAL<br><br>Apeladas<br><br>v.<br><br>ANDA HOJALATERIA Y PINTURA, CORP. Y OTROS<br><br>Apelantes<br><br>. | KLAN202500424 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV02373<br><br>Sobre: Cobro de Dinero - Ordinario |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez

**VOTO DISIDENTE JUEZA GRANA MARTÍNEZ**

Un juicio de novo de la totalidad del expediente que consideró el TPI, me obliga a disentir de la opinión mayoritaria. A mi juicio existe controversia sobre hechos esenciales que impiden adjudicar sumariamente la demanda. La prueba que presentó la demandante no demostró la existencia de una deuda vencida, liquida y exigible. El 8 de octubre de 2019, Allied Car & Truck Rental envió una carta de cobro. No obstante, no fue dirigida a la parte contratante, **Anda Hojalatería y Pintura**. La recurrida envió la comunicación a **Garaje Andalucía y al señor Bings. Allied Car & Truck Rental** dirigió la carta al señor Bings, porque en sus expedientes constaba que firmó y se obligó a responder por las deudas o cantidades adeudadas relacionadas al contrato de arrendamiento. Sin embargo, el propio TPI desestimó las reclamaciones contra ambos, debido a que Garaje Andalucía no fue parte del contrato y el señor Bings no asumió responsabilidad personal. El Estado de Cuentas no contiene

información sobre hechos esenciales, porque no se identifica el vehículo o vehículos que son objeto de la deuda. Por otra parte, la declaración jurada de la señora Torres Huertas no tiene el valor probatorio requerido, porque solo contiene conclusiones al respecto. La señora Torres Huertas declaró en cuanto al monto de la deuda, lo siguiente:

> 7. Por concepto de canon de arrendamiento y no pagada, la Parte Demandada del caso SJ2022CV02373 adeuda a Allied la cantidad de $68,208.47 por concepto de las facturas vencidas de los meses de diciembre 2018 a marzo de 2020.

La sentencia sumaria es un remedio extraordinario que procede únicamente, cuando no existe controversia sobre ningún hecho esencial y solo queda aplicar el derecho.

Únicamente, pueden reclamarse judicialmente las deudas vencidas, líquidas y exigibles. Una deuda líquida tiene las características de ser cierta y determinada. El requisito de exigible se cumple cuando puede demandarse su cumplimiento. *RMCA v. Mayol Bianchi,* 208 DPR 100, 108-109 (2021).

A mi entender existen hechos esenciales en controversia sobre la cuantía de la deuda que impiden que se dicte sumaria.

Por esa razón, hubiese expedido el recurso para revocar la decisión en la que el TPI declaró ha lugar de forma sumaria la demanda.

En San Juan, Puerto Rico, a 11 de agosto de 2025.


Hon. Grace M. Grana Martínez
Jueza de Apelaciones